# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RICHARD ARROWSMITH,
LIQUIDATING TRUSTEE OF
THE HDL LIQUIDATING TRUST,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:19-mc-14-MW-CAS**

**ADAM P. MOORE,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Judgment Creditor Richard Arrowsmith, filed an ex parte motion for issuance of a writ of garnishment as to garnishee PeoplesSouth Bank, Inc. ECF No. 2. The motion demonstrated that judgment was obtained by the Creditor in the United States Bankruptcy Court for the Eastern District of Virginia on February 6, 2019, against Defendant Adam P. Moore, *inter alia*., and included a copy of the certified judgment,[1] ECF Nos. 1-2. A writ was issued pursuant to Florida Statute 77.04, ECF No. 4, and service was

---

[1] Judgment was obtained in the amount of $14,560.00, and included post-judgment interest. ECF No. 2 at 1.

Case 4:19-mc-00014-MW-CAS   Document 14   Filed 01/30/20   Page 2 of 4

Page 2 of 4

made on October 30, 2019, ECF No. 7.  Plaintiff's certificate of service reveals that notice to the Defendant was given as well on November 4, 2019.  ECF No. 6.

An answer was filed on December 12, 2019, ECF No. 9, by the Garnishee.  Garnishee advised that it held no tangible or intangible personal property of the Defendant, but was indebted to Defendant as reflected in the two accounts listed in the answer.[2]  *Id.* at 2.

More than 20 days passed without the filing of a reply.  Thus, the answer was accepted as true pursuant to Florida Statute 77.061.  ECF No. 11.  Plaintiff was required to file a response advising if and when Garnishee had surrendered the account to Plaintiff, and advising whether or not this case should remain pending.  Additionally, Plaintiff was required to pay Garnishee's attorneys' fee pursuant to Florida Statute 77.28.  *Id.*

On the same day that Order was entered, Plaintiff filed a motion for final judgment.  ECF No. 12.  Subsequently, Plaintiff advised that

---

[2] Defendant Adam Moore had an individual account (ending in -518) with $11,225.38, and a joint account with Lisa Schmidt Moore (ending in -1402) with $4,899.40.  ECF No. 9 at 2.  Lisa Moore is not a Defendant in this case, but is a Defendant in related case number 4:19mc13-MW-CAS.  The answer filed in the related case also confirms that Lisa Moore has a joint account with Adam P. Moore.  ECF No. 9 in case # 4:19mc13-MW-CAS.

Case No. 4:19-mc-14-MW-CAS

Garnishee's attorneys' fee had been paid. ECF No. 13. Plaintiff's motion states that Garnishee held funds of the judgment debtor in this case, and in the related case of 4:19mc13, sufficient to pay the judgment. Plaintiff advises that "[f]or purposes of judicial economy and to avoid potentially duplicative judgments," Plaintiff has filed the motion for final judgment in this case only. *Id.* at 2, n.1. Notice has been provided to Defendant Adam Moore and Lisa S. Moore. *Id.*

Plaintiff's motion notes that the debtor has not responded. ECF No. 12. Moreover, as of this date, no response has been filed to the motion for final judgment, either by Garnishee or the debtor. Accordingly, the motion is unopposed.

Because it appears that the Judgment Creditor is entitled to entry of final judgment in the amount of $14,904.77, consisting of the $14,560.00 judgment plus $344.77 in interest, it is recommended that the motion be granted and Garnishee required to surrender the judgment amount. Thereafter, the Garnishee is discharged from further liability and the writ will be dissolved.

Case No. 4:19-mc-14-MW-CAS

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the unopposed motion for final judgment, ECF No. 12, be **GRANTED,** the Clerk of Court be directed to enter judgment against Garnishee, and Garnishee must surrender $14,904.77 to Plaintiff.

**IN CHAMBERS** at Tallahassee, Florida, on January 30, 2020.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**